UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRINA CHRISTIE, in her personal capacity and as representative of the Estate of Anthony Christie; C.C., a minor in his personal capacity,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | Case No. 3:22-cv-05692-TMC<br><br>ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSES |

## I.   INTRODUCTION

Before the Court is Plaintiffs' motion for summary judgment on Defendant State of Washington, Department of Corrections' Affirmative Defenses. (Dkt. 69). The Court GRANTS the motion as to Defendants' Second, Fourth, and Eighth affirmative defenses as explained below. The Court incorporates the factual background set forth in its Order on Defendants' Motion for Summary Judgment (Dkt. 100), while recognizing that for purposes of this motion,

ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSES - 1

the Court must resolve any factual disputes in favor of the Defendants and draw all reasonable inferences in their favor.

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Summary judgment is appropriate where "there is no genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law." *Id.* The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where, as here,[1] the moving party does not bear the ultimate burden of persuasion at trial, it can show the absence of an issue of material fact in two ways: (1) by producing evidence negating an essential element of the nonmoving party's case, or (2) by showing that the nonmoving party lacks evidence of an essential element of its claim or defense. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000). The court is "required to view the facts and draw reasonable inferences in the light most favorable to the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007).

### B. Preliminary matters

The Court acknowledges that Defendants previously withdrew the affirmative defenses of service of process and Eleventh Amendment immunity, and that they now withdraw their defenses of statute of limitations, non-party at fault, good faith, and failure to state a claim.

---

[1] The defendant bears the burden of pleading and proving an affirmative defense at trial. *Snell v. Bell Helicopter Textron, Inc.*, 107 F.3d 744, 746 (9th Cir. 1997).

ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSES - 2

Dkt. 75 at 2. The Court considered their tenth affirmative defense of qualified immunity in its order on Defendants' motion for summary judgment. *See* Dkt. 100.

This Order thus concerns Defendants' second affirmative defense of contributory negligence, fourth affirmative defense of discretionary immunity, and eighth affirmative defense of statutory immunity.

**C.   Second Affirmative Defense: Contributory Negligence**

Plaintiffs argue that Defendants' defense of contributory negligence fails because their negligence claim is based on DOC's "special duty to keep [inmates] in health and safety." Dkt. 69 at 10. In response, Defendants agree to withdraw their defense of contributory negligence to the extent this argument "is construed as a commitment that [Plaintiffs] will not present testimony or argument based on some negligence theory beyond the duty owed by a prison to an inmate." Dkt. 75 at 2. In Plaintiffs' reply, they clarify that they are not pursuing new theories, but rather arguing that CCO Miller's failure to convey information about Anthony's heightened risk of suicide breached DOC's established duty to protect Anthony from reasonably foreseeable self-injury while in DOC custody. *See* Dkt. 81 at 2.

Based on Plaintiffs' clarification, and Defendants' conditional agreement to withdraw the defense, the Court conditionally grants Plaintiffs' motion for summary judgment on Defendants' second affirmative defense. Defendants may seek reconsideration of this ruling if necessary based on the evidence presented at trial.

**D.   Fourth Affirmative Defense: Discretionary Immunity**

"Discretionary immunity is 'an extremely limited exception,' and applies only to 'basic policy decisions made by a high-level executive,' and not to 'ministerial' or 'operational' acts." *Hunters Cap., LLC v. City of Seattle*, 650 F. Supp. 3d 1187, 1208 n.19 (W.D. Wash. 2023) (first

quoting *Stewart v. State*, 92 Wash. 2d 285, 293, 597 P.2d 101 (1979); and then quoting *Taggart v. State*, 118 Wash. 2d 195, 214–15, 822 P.2d 243 (1992)).

As Plaintiffs argue, Defendants fail to point to a "specific policy decision" or a "high-level executive that made any policy decision" for which they seek immunity. *See* Dkt. 81 at 3; Dkt. 75 at 11–12. Plaintiffs also clarify that they "do not challenge DOC's formal policy—they challenge the manner in which it was implemented." Dkt. 81 at 4. Considering Plaintiffs' clarification, and Defendants' failure to point to specific policy decisions for which they would seek immunity based on the evidence presented at trial, the Court concludes that discretionary immunity is no longer at issue in the case and therefore grants Plaintiffs' motion for summary judgment on Defendants' fourth affirmative defense.

E.      **Eighth Affirmative Defense: Quasi-Judicial Immunity**

Finally, Plaintiffs seek summary judgment on Defendants' eighth affirmative defense, which states: "Defendant alleges the Defendant is immune from suit for the matters charged in the complaint." Dkt. 45 at 5. Plaintiffs argue this defense cannot succeed because Washington long ago waived sovereign immunity for negligence claims such as the one brought against DOC. Dkt. 69 at 14.

In response, Defendants argue that summary judgment should be denied because a reasonable jury could find they are entitled to quasi-judicial immunity based on RCW 9.94A.704(11), which provides that "[i]n setting, modifying, and enforcing conditions of community custody, the [Department of Corrections] shall be deemed to be performing a quasi-judicial function." Dkt. 75 at 15; *see also* Dkt. 68 at 25. Plaintiffs reply that Defendants' Answer did not give fair notice of this specific immunity defense. Dkt. 81 at 5.

The Court concludes that, considering its rulings on Defendants' motion for summary judgment, this defense is no longer at issue. In their response to Defendants' motion for

ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSES - 4

summary judgment, Plaintiffs stated that they "do not take issue with Defendant Miller's setting, modifying, or enforcing Anthony's conditions of community custody." Dkt. 77 at 52. And the Court concluded that the only theory which implicated quasi-judicial immunity for Miller individually—that he should have done more to encourage or require Anthony to participate in mental health treatment—failed for other reasons. *See* Dkt. 100. Based on Plaintiffs' representation that they will not pursue theories based on Miller's setting, modifying, or enforcing Anthony's conditions of community custody, the Court conditionally grants Plaintiffs' motion for summary judgment on Defendants' eighth affirmative defense. Defendants may seek reconsideration of this ruling if necessary based on the evidence presented at trial; if they do so, the Court will also hear further argument and evidence as to whether Defendants provided fair notice of this defense, including what, if any, responses Defendants provided to Plaintiffs' discovery seeking the factual basis for it.

### III.    CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for summary judgment on Defendants' Second, Fourth, and Eighth affirmative defenses, subject to potential reconsideration based on the theories pursued and evidence presented by Plaintiffs at trial as explained above.

Dated this 26th day of August, 2024.

Tiffany M. Cartwright
United States District Judge